**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-CV-02279

SHARDEA MILLER

Plaintiff,

v.

ROBERT NEIL WALKER

Defendant.

_____

### COMPLAINT AND JURY DEMAND
_____

Plaintiff, Shardea Miller, an incompetent person, by and through her attorneys, **JORDAN LAW** and **MATLIN INJURY LAW**, for her Complaint and Jury Demand, states and alleges as follows:

### PARTIES AND JURISDICTION

1.      At all times relevant herein, Plaintiff Shardea Miller (hereinafter "Plaintiff") was, and is, a citizen of the State of Colorado, residing at 4354 Liverpool Court, Denver, CO 80249.

2.      Upon information and belief, and all times relevant herein, Defendant Robert Neil Walker (hereinafter "Defendant") was, and is, a citizen of the State of California in the County of Orange, residing at 293 E. Starbird Drive, Monterey Park, CA 91755.

3.      Pursuant to 28 U.S.C.A. § 1332, jurisdiction in a civil action is proper where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states; Plaintiff, a Colorado citizen, herein alleges damages against Defendant, citizen of California, arising out of a motor vehicle collision causing serious bodily injury, including but not limited to a headaches, neck pain, thoracic pain, lumbar back pain, anxiety, sleep disturbance, as well as a SLAP tear to her right shoulder requiring surgical intervention, together with other injury, requiring extensive and ongoing medical care, resulting in losses well in excess of $75,000, exclusive of interests and costs, and therefore, jurisdiction is proper.

4.      Pursuant to 28 U.S.C.A. §1391, venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; here, Plaintiff's claims arising out of Defendant's negligence stem from a motor vehicle collision occurring in the City of Denver, County of Denver, State of Colorado, and therefore, venue is proper.

## GENERAL ALLEGATIONS

5.      Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint and Jury Demand* and incorporates the same herein by reference as though set forth in full.

6.      On or about September 14, 2021, at approximately 11:33 a.m., Plaintiff was a backseat passenger in a Chevrolet Malibu, driven by Teyawna Debose, a Lyft driver, traveling eastbound on E. 78th Avenue at or about N. Jackson Gap in lane #1. At or about that time and place, Defendant Walker was driving a Mitsubishi Outlander, a rental vehicle owned by Avis Budget Car Rental, and also traveling eastbound on E. 78th Avenue at or

2

about N. Jackson Gap, occupying lane #2, when he ultimately unlawfully, carelessly, and recklessly entered into lane #1 where it was occupied by the Chevrolet Malibu in which Plaintiff was a passenger, causing a collision between Defendant's Mitsubishi Outlander and the Chevrolet Malibu. As a direct and proximate result of Defendant's negligence, Plaintiff incurred serious bodily injury requiring extensive treatment, and other harms and losses. Defendant was cited at the scene for disobedience to lane assignment.

7. As a direct and proximate result of Defendant's negligence and carelessness, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, loss of time, and other economic damages related to injuries sustained in the accident as described above.

8. As a direct and proximate result of Defendant's negligence and carelessness, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress, and impairment of quality of life.

9. As a direct and proximate result of Defendant's negligence and carelessness, Plaintiff suffered disfigurement and temporary and permanent physical impairment.

10. At all times relevant hereto, Plaintiff mitigated her damages.

11. At the date and time of the collision giving rise to this action, Plaintiff acted reasonably under the circumstances and was not comparatively at fault.

**FIRST CLAIM FOR RELIEF**
**(Negligence Resulting in Personal Injury to Plaintiff)**

12. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint and Jury Demand* and incorporates the same herein by reference as though set forth in full.

13. Defendant Walker owed Plaintiff a duty to use reasonable care in the operation of a motor vehicle.

14. Defendant breached the above referenced duty, without limitation, in the following ways:

    a. Failing to maintain control of his vehicle;

    b. Disobeying lane assignment;

    c. Making an unsafe lane change;

    d. Failing to keep a proper lookout; and

    e. Operating his vehicle in a careless manner.

15. The breaches of duty outlined above are a direct and proximate cause of the injuries sustained by Plaintiff.

16. As a direct and proximate result of Defendant's negligence and carelessness, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, loss of time, and other economic damages related to injuries sustained in the accident as described above.

17. As a direct and proximate result of Defendant's negligence and carelessness, Plaintiff suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress, and impairment of quality of life.

18.    As a direct and proximate result of Defendant's negligence and carelessness, Plaintiff suffered disfigurement and temporary and permanent physical impairment.

19.    Accordingly, Plaintiff seeks both general and special damages from Defendant as a foreseeable consequence of the injuries and damages suffered as a result of Defendant's negligence on September 14, 2021, as well as any other costs, losses, and expenses afforded under the law, or that this Court might deem just and proper.

## SECOND CLAIM FOR RELIEF
### (Negligence Per Se Resulting in Personal Injury to Plaintiff)

20.    Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint and Jury Demand* and incorporates the same herein by reference as though set forth in full.

21.    Defendant's conduct during the above described collision was in violation of C.R.S. § 42-4-1402, the Careless Driving Statute, C.R.S. § 42-4-1007, the Driving on Roadways Laned for Traffic, as well as other statutes pertaining to traffic regulation or safety. These violations amount to negligence *per se*.

22.    The Plaintiff is a member of the class for whose protection the above-mentioned statutes were enacted.

23.    The incident herein described and the injuries and/or damages that Plaintiff suffered as a result of that incident are the kind of injuries and/or damages sought to be prevented by the passage of the above-mentioned statutes.

24.    The above-mentioned violations were the direct and proximate cause of Plaintiff's injuries and damages as previously described.

5

25.    Defendant's conduct was in derogation of applicable Colorado Statutes and, therefore, constitutes negligence *per se*.

26. As a direct and proximate result of Defendant's negligence and carelessness, Plaintiff has incurred past and future economic expenses, losses, and damages including, but not limited to, past and future medical expenses, loss of time, and other economic damages related to injuries sustained in the accident as described above.

27. As a direct and proximate result of Defendant's negligence and carelessness, Plaintiff has suffered in the past, and will continue to suffer in the future, non-economic damages including, but not limited to, pain and suffering, loss of enjoyment of life, inconvenience, emotional distress, impairment of quality of life.

28. As a direct and proximate result of Defendant's negligence and carelessness, Plaintiff has suffered disfigurement and temporary and permanent physical impairment.

29.    Accordingly, Plaintiff seeks both general and special damages from Defendant as a reasonably foreseeable consequence of the injuries and damages suffered as a result of Defendant's negligence *per se* on the occasion in question, as well as any other costs, losses, and expenses afforded under the law, or that this Court might deem just and proper.

**WHEREFORE**, Plaintiff requests that judgment be entered in favor of the Plaintiff and against the Defendant in an amount to fairly compensate the Plaintiff for the injuries (as set forth above), costs, court costs, expert witness fees, statutory interest accrued from the date of the subject accident or as otherwise permitted under Colorado law and for such relief as the Court deems proper. Plaintiff prays for the following relief:

(a) For an amount which will reasonably compensate Plaintiff for past, present and future economic loss, including but not limited to past and future medical expenses, past and future loss of earnings, and any other out of pocket expenses;

(b) For an amount which will reasonably compensate Plaintiff for permanent limitation, injuries, impairment and/or disfigurement, limitations and or disabilities of the body and/or mind;

(c) For an amount which will reasonably compensate Plaintiff for past, present and future non-economic losses, including but not limited to pain and suffering, loss of enjoyment of life and/or the capacity of life;

(d) For all pre- and post-judgment interest as permitted by law;

(e) For costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just and meet in the premises.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated this 6th day of September 2023.

Respectfully submitted,

JORDAN LAW

*s/ Michael S. Harris*
Jason W. Jordan
Michael S. Harris
5445 DTC Parkway, Suite 1000
Greenwood Village, CO 80111
Phone: (303) 766-8153
Fax: (303) 766-5568
Email: jason@jordanlaw.com
michael@jordanlaw.com

MATLIN INJURY LAW

Brian Matlin
(Pending Entry of Appearance)
17011 Lincoln Avenue, #408
Parker, CO 80134
Phone: (720) 464-3600
Fax: (720) 464-3006
Email: brian@matlininjurylaw.com

***Attorneys for Plaintiff***